IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derek Antwon Vaughan, #25600-056, | ) C/A No. 0:10-175-HFF-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| D. Drew, Warden, | ) |
| Respondent. | ) |

The petitioner, Derek Antwon Vaughan ("Petitioner"), a self-represented federal inmate, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Federal Correctional Institution in Bennettsville, South Carolina, a facility of the Federal Bureau of Prisons. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner contends he is actually innocent of possession of a weapon at the time of the offense and requests his sentence for violation of 18 U.S.C. 924(c)(1) be vacated. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed because it is clear from the Petition and attached documents that Petitioner is not entitled to relief in this Court.

### *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents:

Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could

Page 2 of 7

PJG

prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner was convicted and sentenced in the United States District Court for the Eastern District of North Carolina ("Sentencing Court"). See United States v. Vaughan, No. 2:06-cr-00015-BO (E.D.N.C.). Pursuant to a plea agreement, Petitioner plead guilty to armed bank robbery, with aiding and abetting, and possession of a firearm during and in relation to a crime of violence, with aiding and abetting. On January 8, 2008, he was sentenced to forty-six (46) months for the robbery charges, and eighty-four (84) months for the weapons charges. Petitioner did not file a direct appeal and has not filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in his criminal case.

On January 25, 2010, Petitioner's § 2241 habeas petition, with attachments, was filed in this court, which is the district in which he is currently confined. In his § 2241 habeas petition, Petitioner contends he is "actual [sic] innocent of 18 U.S.C. 924(c)(1) enhancement"—the weapons charge. (Pet, Docket Entry 1 at 5.) Petitioner alleges his sentence was enhanced for possession of a weapon at the time of the offense, and since that time, deputies involved in his arrest have "admitted that I was not in possession of a weapon at the time of my arrest." (Id.) Petitioner refers to a letter dated September 11, 2008, "written by the attorney's [sic] of deputies Martin, and Hasty, who are both being sued in a civil action related to the criminal offense of my case [sic] their attorney's [sic]



indicate that because the criminal investigation revealed that I was not in possession of weapon they request my assistance to aid the defense of deputies Martin, and Hasty from any civil liabilities other people who were arrested." (Id.) Petitioner seeks to have his sentence for violation of 18 U.S.C. 924(c)(1) vacated. (Id. at 9.)

## DISCUSSION

Petitioner seeks habeas relief under 28 U.S.C. § 2241, which permits a district court to grant a writ of habeas corpus to a prisoner if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Title 28 U.S.C. § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is generally not available where the underlying validity of the conviction and sentence is being challenged, as Petitioner seeks to do in this case. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255, a new post-conviction remedy in the sentencing court, as a substitute for the traditional habeas corpus remedy. Swain v. Pressley, 430 U.S. 372, 377-78 (1977). The § 2241 habeas petition seeking a post-conviction remedy is confined in this case by the § 2255 savings clause. 28 U.S.C. § 2255(e). Only when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, may § 2241 be used to attack a federal conviction and sentence. Id.; see In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997).

PJG

Although Petitioner does not argue that § 2255 is inadequate or ineffective, the law is clear that the § 2255 remedy is not inadequate or ineffective based simply on inability to obtain relief under § 2255.  See In Re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").  Petitioner did not pursue a motion to vacate his sentence in the Sentencing Court, although he knew, at least by September of 2008, the facts giving rise to the arguments he makes in his § 2241 Petition.  The fact that a § 2255 motion would now be untimely does not satisfy the savings clause in this case.  Id.  The Petition fails to establish that the § 2255 remedy is inadequate and ineffective in Petitioner's case, which would allow this court to consider his § 2241 petition.  Petitioner's § 2241 petition cannot be considered pursuant to the § 2255 savings clause.

Petitioner attempts to circumvent § 2255 by claiming actual innocence of the possession of a weapon.  A claim of actual innocence, however, must "raise sufficiently serious constitutional questions" before it could be considered to bypass the gatekeeping requirements of § 2255 and proceed with a § 2241 habeas corpus petition.  See Triestman v. U.S., 124 F.3d 361, 378 (1977).  Claims of "actual innocence" are extremely rare and are based on "factual innocence not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  To present a credible claim of actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Petitioner presents no new evidence that was not available during his trial.  If Petitioner

Page 5 of  7

*PJG*

relies on the September 2008 letter from counsel for deputies involved in his arrest, the information was available during the time Petitioner could have filed a motion to vacate under § 2255. The letter states "'[w]e understand you were **not** armed with any weapon," [emphasis in original] but prefaces that statement by indicating their understanding is based on "the statements that you [Petitioner] gave to the authorities following your arrest." The letter does not present new evidence. Petitioner's actual innocence claim fails because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented, or couldn't have been presented, in any prior court proceedings which supports his innocence of the charge. The Petition should be dismissed because it is clear from the Petition and attached documents that Petitioner is not entitled to relief in this court.

## RECOMMENDATION

Accordingly, the court recommends that the Petition for a writ of habeas corpus be dismissed without prejudice and without requiring a response by the respondent.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 12, 2010
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).